```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. CROIX
```

IVA LUE-MARTIN          :          CIVIL ACTION
                        :
      v.                :
                        :
THE MARCH GROUP, LLLP, et al. :    NO.  03-0105

ORDER

AND NOW, this 25th day of June, 2008, after a telephone conference with counsel, it is hereby ORDERED that:

(1) the motion of plaintiff to supplement her partial responses to defendants' motion for summary judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure is DENIED; and

(2) on or before July 15, 2008 defendants shall file and serve any reply memoranda to plaintiff's partial responses.

_____

In July, 2007 we held a jury trial on the limited issue of whether plaintiff entered into an employment agreement with defendant, the March Group, LLLP, which mandated that this case be referred to arbitration. The jury returned a verdict that such an arbitration agreement did not exist. Thus, we entered a scheduling order requiring that the action proceed forthwith. (Doc. #182).

The scheduling order, dated July 19, 2007, ordered that "[a]ny summary judgment motion or other dispositive motion, together with supporting brief, shall be filed and served on or

before May 15, 2008." Id.  We further ordered that this case be placed in the July 1, 2008 trial pool.

Defendants timely filed a motion for summary judgment. On June 4, 2008, the date her response was due, plaintiff filed a motion for an extension of time until June 18, 2008.  We granted the motion and ordered that her response be filed on or before June 18, 2008.  (Doc. #251).

On June 18, 2008, plaintiff filed a second motion for an extension of time until June 20, 2008.  Magistrate Judge Barnard granted plaintiff's second motion.  On June 20, 2008 plaintiff did not file a response but instead filed the present motion in which she asserts that she cannot file full responses because she is not in possession of the transcripts from the July, 2007 trial on the existence of an arbitration agreement. Five days later, plaintiff filed three "partial" responses.

The present motion seeks an unspecified continuance so that plaintiff may obtain transcripts of the July, 2007 trial and then supplement her responses to the defendants' motion for summary judgment.  We will not grant such a continuance.  This is now the third time that plaintiff has come to this court for additional time on the day that her response was due.  Plaintiff has been well aware of the summary judgment deadline for almost a year but now claims, after two prior extensions of time, that she just became aware that she had not obtained the July, 2007 trial transcript.  We have afforded great latitude to her thus far but

-2-

an additional extension of time would cause undue delay in this litigation, which has now been pending for five years.

                              BY THE COURT:

                              /s/ Harvey Bartle III
                              HARVEY BARTLE III        C.J.
                              SITTING BY DESIGNATION