```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX

IVA LUE-MARTIN                    :     CIVIL ACTION
                                  :
          v.                      :
                                  :
THE MARCH GROUP, LLLP, et al.     :     NO. 03-105
```

MEMORANDUM

Bartle, C.J.                                        September 16, 2008

   Plaintiff, Iva Lue-Martin, filed the present action against defendants, The March Group, Southern Saints Investment, LLC, Andrew Chapman, Robert Scarlata, and George Gifford, on June 17, 2003.  She alleged that The March Group and Southern Saints Investment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.  She also sought damages against all defendants for alleged violations of: (1) the Virgin Islands Civil Rights Act, 10 V.I.C. § 3; (2) the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76; and (3) the duty of good faith and fair dealing.  On July 30, 2008, we granted the motion of defendants for summary judgment and entered judgment in their favor.  Now before the court is the motion of plaintiff for reconsideration of our July 30, 2008 Order and the motion of defendant to strike plaintiff's counter statement of material facts in dispute, which was attached to her motion for reconsideration.

   Plaintiff, Iva Lue-Martin, is a black woman of Jamaican origin.  Plaintiff was hired by defendant, The March Group, on

February 28, 2002 as a temporary employee.  Plaintiff became a full-time employee of The March Group in May, 2002 and was given the title of Human Resources Manager.

After a series of analyses performed by Kurcias, Jaffe & Company LLP ("Kurcias"), a certified public accounting firm, The March Group decided to eliminate the position of Human Resources Manager.  As a result, on March 6, 2003, plaintiff was terminated from the company and the Human Resources Manager position was eliminated.

We will first consider the motion of plaintiff for reconsideration of our July 30, 2008 Order granting defendants' motion for summary judgment.  Although plaintiff titles her motion one for reconsideration, in her supporting memorandum she argues that she is entitled to relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  That rule provides:  "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons ... any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  This catchall provision allows "extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  Coltec Indus. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (quoting In re Fine Paper Antitrust Litig., 840 F.2d 188 (3d Cir. 1988)).  "Extraordinary circumstances" require a showing that "extreme" or "unexpected" hardship will result absent relief.  Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008).  Moreover,

[e]xtraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." Id. Although plaintiff maintains that she is seeking relief pursuant to Rule 60(b)(6), the Virgin Islands Local Rule of Civil Procedure governing motions for reconsideration provides:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within ten (10) days after the entry of the Order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
> 1. intervening change in controlling law;
> 2. availability of new evidence, or;
> 3. the need to correct clear error or prevent manifest injustice.

V.I. Loc. R. Civ. P. 7.3.

Plaintiff's motion does not identify an exceptional circumstance justifying reconsideration nor does she identify an intervening change in law, new evidence, a clear error that needs to be correct, or a manifest injustice.

On the contrary, plaintiff's motion simply rehashes the arguments she previously made in her response to the motion of defendants for summary judgment. Moreover, she cites to the same evidence that we previously considered when we determined that no genuine issue of material fact exists. In short, plaintiff's motion for reconsideration offers nothing new. A motion for reconsideration does not provide the moving party a second bite at the apple. Yet a second bite is precisely what plaintiff is

seeking here.  Accordingly, there is no reason for us to revisit our decision granting defendants' motion for summary judgment, and we will deny plaintiff's motion.

We will next consider the motion of defendant to strike plaintiff's counter statement of facts which was attached to her motion for reconsideration.  Some detail regarding the procedural history of this case is necessary to our consideration of defendants' motion.

On July 19, 2007, this court entered a scheduling order requiring that any motion for summary judgment be filed and served on or before May 15, 2008.  Defendants timely filed such a motion on that date.  Pursuant to the Virgin Islands Local Rules of Civil Procedure, plaintiff's response to the motion of defendants for summary judgment was due on June 4, 2008.  See V.I. Loc. R. Civ. P. 56.1(b).  On June 4, 2008, plaintiff filed a motion for an extension of time to file her response.  The next day, we granted plaintiff's motion and gave her until June 18, 2008 to do so.

On June 18, 2008, plaintiff did not file her response to defendants' motion for summary judgment.  Instead she filed a motion for an extension of time seeking two additional days. Again, plaintiff's motion was granted.  However, she did not file her response by this new deadline. Rather, on June 20, 2008, plaintiff filed a motion to supplement her partial response to defendants' motion for summary judgment, in which she asserted that she was seeking certain transcripts that would supplement

-4-

her yet unfiled response. Finally, on June 24, 2008, before any ruling on her motion to supplement, plaintiff filed what she deemed as her partial response to defendants' motion for summary judgment.

The undersigned held a phone conference with counsel on June 25, 2008 to consider plaintiff's motion to supplement her partial response. In addition to discussing the motion, defendants' attorney pointed out that plaintiff had failed to file a counter statement of facts as required under Rule 56.1(b) of the Virgin Islands Local Rules of Civil Procedure. We denied plaintiff's motion to supplement her response by Order dated June 25, 2008 (Doc. No. 260). On July 30, 2008, we granted defendants' motion for summary judgment (Doc. No. 270).

On August 13, 2008 plaintiff moved for reconsideration of our Order entering judgment in defendants' favor. Plaintiff attached to her motion a counter statement of facts. She claims that the counter statement was not filed as a result of a clerical error and that she was not aware of the error until this court ruled on defendants' motion for summary judgment. Defendants have moved to strike plaintiff's counter statement on the ground that plaintiff is attempting to add additional evidence and arguments to the record out of time.

We note at the outset that a counter statement of facts is merely a tool to aid the court in its consideration of a motion for summary judgment. It is not, in and of itself, evidence. It is the exhibits attached thereto that are the

evidence which allows the court to determine if a genuine issue of material fact exists.  Although plaintiff did not attach a counter statement of facts to her response to defendants' motion for summary judgment, she did attach twenty-five exhibits.  In considering defendants' motion for summary judgment, we reviewed all evidence filed with this court, including these twenty-five exhibits.  The counter statement of facts that plaintiff has now filed does not cite to any additional exhibits — it merely summarizes the evidence that we already took into consideration.

In any event, plaintiff's counter statement is out of time.  In previously denying plaintiff's motion to supplement her response, this court noted that:  "We have afforded great latitude to [plaintiff] thus far but an additional extension of time would cause undue delay in this litigation, which has now been pending for five years."  Lue-Martin v. The March Group, Civ. A. No. 03-105 (D.V.I. Jun. 25, 2008).  By filing a counter statement of facts now, more than five years after she filed her original complaint, plaintiff is merely attempting to drag out this already protracted litigation.

Finally, plaintiff's contention that her counter statement of facts was not filed because of a clerical error is not supported by the record in this case.  She claims that instead of filing it, "another document was filed under that docket entry."  Pl.'s Opp'n at 1.  The docket, however, contains no such entry.  Moreover, plaintiff was well aware on June 25, 2008 that her counter statement of facts was not filed.

Plaintiff's attempt to seek leave of this court to file such a counter statement is simply too late.

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX

IVA LUE-MARTIN                   :       CIVIL ACTION
                                 :
          v.                     :
                                 :
THE MARCH GROUP, LLLP, et al.    :       NO. 03-105
```

ORDER

AND NOW, this 16th day of September, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of plaintiff for reconsideration of this court's Oder, dated July 30, 2008, granting the motion of defendants for summary judgment is DENIED; and

(2)  the motion of defendants to strike plaintiff's response to defendants' statement of facts and plaintiff's statement of material facts in dispute (Doc. No. 274) is GRANTED.

BY THE COURT:

/s/ Harvey Bartle III
HARVEY BARTLE III            C.J.
SITTING BY DESIGNATION